**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| **SAMUEL VILLEGAS, JR.,** | * | |
| Plaintiff, | * | |
| v. | * | Civil No. RWT 13-3782 |
| **TAKOMA PARK POLICE DEPARTMENT,** *et al.*, | * | |
| Defendant. | * | |

**MEMORANDUM OPINION AND ORDER**

This is an employment discrimination case in which Plaintiff Samuel Villegas, Jr. was terminated from his employment as a police officer for the City of Takoma Park Police Department (the "Department"). On December 16, 2013, Villegas filed this Complaint against the Department and four supervisors in their individual capacities. ECF No. 1. The Complaint is a confusing narrative, largely consisting of conclusory statements, bare factual assertions, and irrelevant commentary and legal argument. It appears, however, that Villegas claims the Department discriminated against and wrongfully discharged him on the basis of race and national origin in violation Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*[1] *Id.* ¶ 10. On April 7, 2014, Defendants moved to dismiss for failure to state a claim or for a more definite statement pursuant to Federal Rule of Civil Procedure 12.[2] ECF No. 16. On April 24, 2014, Villegas responded in opposition to Defendants' dispositive motion, ECF No. 19,

---

[1] Villegas withdrew Counts 4 through 8 of his Complaint. *See* ECF No. 19, at 2. The only remaining claim is discrimination on the basis of race and national origin in violation Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

[2] It is well settled that "supervisors are not liable in their individual capacities for Title VII violations," and the Complaint shall be dismissed as to Defendants Ronald Ricucci, Richard Bowers, Daniel Frishkorn, and Douglas Malarkey. *Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180 (4th Cir. 1998); *Butler v. Univ. of Maryland*, No. CIV. JFM-09-1730, 2010 WL 231745, at *1 (D. Md. Jan. 13, 2010).

and filed two motions opposing the Court's consideration of certain of Defendants' exhibits,[3] ECF Nos. 20, 21.[4]

Villegas worked at the Department from April 27, 2007 to July 27, 2012, during which he alleges three isolated instances of discrimination. ECF No. 1, at 4, 7–8, 11, 12. On May 11, 2011, the Department ordered Villegas, a Maryland resident, to obtain his Maryland driver's license and register his car in Maryland as required by law. ECF No. 16-3, at 3–4; ECF No. 16-4, § 426.04. On January 12, 2012, a vehicle registered to Villegas received a speed camera citation. ECF No. 16-3, at 4–5. The vehicle still had Virginia tags. *Id.* at 5. On February 2, 2012, the Department again ordered Villegas to change his vehicle tags and driver's license to reflect his Maryland residency. *Id.* On February 7, 2012, Department supervisors met with Villegas to determine whether he had complied with the order. *Id.* He had not complied, and the Department opened an investigation during which Villegas acknowledged receiving and disregarding the order because the cost of insurance is higher in Maryland than Virginia. *Id.* at 5–6.

Upon further investigation, the Department learned that to maintain a Virginia driver's license and vehicle registration, Villegas had falsely certified, under the penalty of perjury, that he lived in Virginia. *Id.* at 6–7. He did this more than once, including just two days after he was first told to obtain a Maryland driver's license. *Id.* As a result of his dishonesty and failure to

---

[3] Villegas has moved to strike or defer the Court's consideration of Defendants' exhibits on the ground that they are all "matters outside the pleadings" for the purpose of a motion to dismiss. *See* ECF No. 20, at 1; ECF No. 21, at 7-8. In reviewing a Rule 12(b)(6) dismissal, however, it is well settled that the Court "may properly take judicial notice of matters of public record," "may also consider documents attached to the complaint, as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citing Fed. R. Civ. P. 10(c)); *Hall v. Virginia*, 385 F.3d 421, 424 (4th Cir. 2004); *Blankenship v. Manchin*, 471 F.3d 523, 526 n.1 (4th Cir. 2006). Both motions shall be denied.
[4] Remaining filings include Defendants' Motion for Leave to File Supplemental Memorandum of Points and Authorities in Support of Motion to Dismiss, ECF No. 23, and Plaintiff's Surreply, ECF No. 25. These shall be denied and stricken, respectively, pursuant to Local Rule 105.2(a) (D. Md. 2014).

follow orders, Villegas's employment with the Department was terminated on July 27, 2012. ECF No. 16-1, at 2.

Villegas requested a hearing pursuant to the Law Enforcement Officers' Bill of Rights ("LEOBR"), which was held on March 12, 2013. *Id.* at 8–9. During that hearing, Villegas admitted all of the aforementioned facts, and the Hearing Board recommended suspension without pay, demotion, and dismissal from employment. ECF No. 16-3, at 12–14. Villegas appealed that decision to the Montgomery County Circuit Court, which denied his petition for judicial review, finding substantial evidence to support the Hearing Board's findings and conclusions. ECF No. 16-5. Plaintiff filed the instant Complaint on December 16, 2013. ECF No. 1. The crux of his allegations are that the discharge and the hostile environment he worked in, including denial of part-time hours and additional work opportunities, were a result of illegal discrimination. He also indicates two isolated instances when he was denied part-time hours and additional work opportunities, while other officers were given more such hours. Compl. 11–12. Defendants filed a Motion to Dismiss for failure to state a claim on April 7, 2014. ECF No. 16.

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Simmons & United Mortg. & Loan Invest,* 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege

enough facts to state a claim to relief that is plausible on its face.") (internal quotations and emphasis omitted). "Thus, '[i]n reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) . . . [a court] must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level.'" *Monroe v. City of Charlottesville*, 579 F.3d 380, 386 (4th Cir. 2009) (quoting *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009)).

Title VII provides that it is an "unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). A plaintiff need not establish a *prima facie* case of a Title VII violation to survive a motion to dismiss. *Templeton v. First Tenn. Bank, N.A.*, 424 F. App'x 249, 250 (4th Cir. 2011) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-15 (2002)). Yet, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Templeton*, 424 F. App'x at 250 (citation omitted). "'[N]aked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotations and citation omitted).

Villegas's Complaint is insufficient to survive a motion to dismiss, as it is comprised of only naked assertions that he "endured harassment, blackballing, loss of pay, benefits, retaliation for protected activities, lost employment advancement opportunities, and suffered unwarranted mental duress and stress, because of race-based or national origin discrimination" by the Department. Villegas's filings with the Court since then have neither cured these deficiencies

4

nor illuminated any facts which allege, in more than a conclusory fashion, that the Department acted unlawfully.  Even when the Court liberally construes Villegas's *pro se* Complaint, the Court is unable to conclude that it contains sufficient factual allegations to raise a right to relief above the speculative level.  The facts pleaded in the Complaint, therefore, do not fairly apprise the Department of what is being claimed and is insufficient to survive a motion to dismiss.

Accordingly, it is this 3rd day of April, 2015, by the United States District Court for the District of Maryland,

**ORDERED**, that Defendants' Motion to Dismiss (ECF No. 16) is hereby **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Motion to Strike (ECF No. 20) is hereby **DENIED**; and it is further

**ORDERED**, that Plaintiff's Motion for Rule 56(d), Formerly 56(f) (ECF No. 21) is hereby **DENIED**; and it is further

**ORDERED**, that Defendants' Motion for Leave to File Supplemental Memorandum of Points and Authorities in Support of Motion to Dismiss (ECF No. 23) is hereby **DENIED**; and it is further

**ORDERED**, that Plaintiff's Surreply (ECF No. 25) is hereby **STRICKEN**; and it is further

**ORDERED**, that judgment for costs is hereby **ENTERED** in favor of Defendants; and it is further

**ORDERED**, that the Clerk is hereby **DIRECTED** to close this case; and it is further

**ORDERED**, that the Clerk is hereby **DIRECTED** to mail a copy of this Order to Plaintiff and Counsel of Record.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE